**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STACEY HILL,**

                **Plaintiff,**

**-vs-**                                              **Case No. 6:06-cv-1575-Orl-28KRS**

**DOLGENCORP, INC.,**

                **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Defendant's Motion to Dismiss Plaintiff's Complaint, doc. no. 14, the response thereto, doc. no. 15, and the Response to Order to Show Cause, filed by counsel for Plaintiff Stacey Hill, doc. no. 13.

In October 2006, Hill sued Defendant Dolgencorp, Inc., d/b/a Dollar General Stores (Dolgencorp) for alleged violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and for alleged unpaid wages under Florida law. Doc. No. 1. Dolgencorp answered. Doc. No. 8. Thereafter, the Court entered a Scheduling Order that required Hill to file and serve verified answers to the Court's Interrogatories. Doc. No. 10. When Hill did not file the answers to Court's Interrogatories within the prescribed time, the Court issued an Order to Show Cause why sanctions, including dismissal, should not be imposed for failure to comply with a court order. Doc. No. 12.

Counsel for Hill responded to the Order to Show Cause. Doc. No. 13. He represents that he forwarded the Court's Interrogatories to Hill, but that Hill had not completed them. Doc. No. 13-3. He also represents that Hill has ceased communicating with him.   Doc. No. 13 at 3.

Other documents in the file reflect that Hill apparently amicably resolved her grievance with her employer.  Information filed in connection with the motion to dismiss and response thereto confirms that Hill spoke with an employee of Dolgencorp directly and, as a result of those discussions, Dolgencorp paid Hill all the unpaid wages due to her.  *See* Doc. No. 15, ex. 1.

Counsel for Hill contends that the case, nevertheless, should not be dismissed because he had not been discharged by Hill and because the Court has not approved the fairness of the settlement. The facts support a finding that Hill has tacitly discharged counsel by virtue of her actions.  Further, the Court need not approve the fairness of a matter amicably resolved by the parties.

Based on the foregoing, it appears that Hill has abandoned this case.  Further, Hill violated the order of this Court by failing to serve and file answers to the Court's Interrogatories.  Accordingly, I respectfully recommend that the case be dismissed without prejudice for failure to prosecute and failure to abide by orders of the Court.  Local Rule 3.10(a); Fed. R. Civ. P. 16(f).

The Clerk of Court is directed to send a copy of this Report and Recommendation to Stacey Hill at 404 Baywood Circle, Port Orange, FL 32127. If Hill objects to this Report and Recommendation, she must file a written objection with the Court on or before May 1, 2007.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 12, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy